**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
– Northern Division –

| | |
|---|---|
| TRUITT ENTERPRISES, LLC, *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Civil Action No. CCB 03-527 |
| | ) |
| FORTIS, INC., *et al.*, | ) |
| | ) |
| Defendants. | ) |

## PLAINTIFFS' MOTION TO CONSOLIDATE

Plaintiffs Truitt Enterprises, LLC ("TE") and James F. Truitt Jr., P.A., by their undersigned attorneys, hereby move to consolidate this action with a case just transferred to this Court by the District of New Jersey styled as *American Bankers Ins. Co. of Florida, et al.* v. *Truitt Enterprises, LLC*, Case No. 03-1422,[1] and in support thereof state:

1. The defendants in this case and the plaintiffs in Case No. 03-1422 are all subsidiaries or affiliates of insurance conglomerate Fortis, Inc., (and will be referred to herein collectively as "Fortis.") TE is a local business specializing in management of investments in tax lien certificates ("TLCs") and is the longtime servicer of a portfolio of TLCs held by Fortis pursuant to a series of written contracts between the parties.

---

[1] The transferred case apparently was assigned to Judge Quarles without the Clerk's awareness that a related case already was pending before Judge Blake. (The Clerk's office had informed counsel that it would not accept any papers for filing in the transferred action before the file was physically received from New Jersey, thus there was no way to alert the Clerk to the related case in accordance with Rule 103.1.b.) Accordingly, whether or not this motion is granted, the two cases are "related" and should be assigned to a single Judge, presumably Judge Blake under Local Rule 103.1.b.

2. On February 18, 2003, Fortis filed an action in the United States District Court for the District of New Jersey, after TE had placed Fortis on notice that it was in breach of the parties' written contract dated December 14, 2000 (the "December 2000 Agreement") for failing to fund the purchase of TLCs in accordance with the clear terms of the Agreement. On February 20, 2003, TE filed this action in the Circuit Court for Baltimore County against Fortis, Inc. and two Fortis subsidiaries. Fortis subsequently removed the case to this Court based on diversity of citizenship.

3. In other filings in this matter and in Case No. 03-1422, TE has explained how Fortis tricked TE into delaying the filing of a lawsuit, while Fortis ostensibly was considering TE's demand letter. During that delay, however, Fortis prepared an "information and belief" Complaint and filed it in the District of New Jersey, an inconvenient forum for TE. TE moved to dismiss Fortis's New Jersey action or to transfer it to this Court. The District of New Jersey transferred the action to this Court by Order dated April 22, 2003.[2]

4. Rule 42(a) of the Federal Rules of Civil Procedure permits consolidation when "actions involving a common question of law or fact are pending before the court." Both parties have contended, in their various filings in this case and in Case No. 03-1422, that the two actions arise from the same nucleus of facts; indeed, Fortis has moved to dismiss this action on the ground that it was a compulsory counterclaim to the action filed in New Jersey. In essence, TE alleges that Fortis and its affiliates breached the December 2000 Agreement by refusing to provide funds to purchase TLCs in accordance with the terms of the Agreement, and ultimately by terminating the

---

[2] In a letter to Judge Blake dated April 28, 2003, Fortis's counsel referred to the transfer order issued by Magistrate Judge Shwartz as a "recommended decision." TE believes that Judge Shwartz's decision on transfer was a "determin[ation]" under 28 U.S.C. § 636(b)(1)(A), rather than a "recommendation[]" under 28 U.S.C. § 636(b)(1)(B) or (C).

contract for wholly pretextual reasons. Fortis contends that it validly terminated the Agreement when it conveniently "discovered" (after receiving TE's Notice of Breach letter) that TE allegedly had not purchased TLCs in accordance with certain contractual guidelines. Fortis also alleges, in a thoroughly meritless claim, that TE "sabotaged" the sale of the Portfolio to a prospective purchaser (never mind that TE found the prospective purchaser and stood to earn a substantial commission from the sale).

5. In any event, the parties evidently agree that a critical "common question" in these actions is which party breached the December 2000 Agreement. Accordingly, it appears clear that the two cases should be consolidated pursuant to Rule 42(a) of the Federal Rules of Civil Procedure. Any other procedure would create a risk of inconsistent judgments.

6. The plain text of Rule 42(a) would appear to authorize merging these two cases into a single action in which a single judgment is rendered (as opposed to consolidating them but trying them consecutively, or trying them simultaneously but entering separate judgments). *See* 9 C. Wright & A. Miller, FEDERAL PRACTICE AND PROCEDURE § 2382, at 429 (2d ed. 1995). Commentators have observed, however, that many federal courts still rely on a Supreme Court case that predated Rule 42(a) for the proposition that consolidation does not merge the suits into a "single cause." *See id.* at 430 (citing *Johnson* v. *Manhattan Ry. Co.*, 289 U.S. 479, 496-97 (1933)). Several federal courts of appeals have questioned the vitality of *Johnson* in light of Rule 42(a), *e.g.*, *Schnabel* v. *Lui*, 302 F.3d 1023, 1035 (9th Cir. 2002) (collecting cases), but the Court of Appeals for the Fourth Circuit does not appear to have confronted the issue directly. *Cf. Baker, Watts & Co.* v. *Miles & Stockbridge*, 876 F.2d 1101, 1103 n.2 (4th Cir. 1989) (citing the *Johnson* rule but applying an exception). The rule of *Johnson* makes sense when the claims at issue are between different parties;

*e.g.*, when multiple plaintiffs sue the same defendant over the same course of conduct and seek individual judgments, but based on common questions of fact. *See Harris* v. *L&L Wings, Inc.*, 132 F.3d 978, 981 & n.2 (4th Cir. 1997). In this case, however, the actions are between the same parties or their affiliates and they involve identical or related questions of fact, and it makes no sense to try the cases separately, or to enter separate judgments as to the claims between the identical parties.[3] Accordingly, the rule of *Johnson* should not apply. *Compare Baker, Watts & Co.* v. *Miles & Stockbridge*, 876 F.2d 1101, 1103 n.2 (4th Cir. 1989) (holding that "identical cases" may be merged into a single action).

7. To avoid any issues posed by *Johnson*, however, the Court should simply designate one party as the plaintiff/counter-defendant and the other as the defendant/counter-plaintiff.[4] (This appears to be an accepted practice, without consideration of *Johnson*. *See Internet Law Library, Inc.*

---

[3] The four plaintiffs in Case No. 03-1422 have alleged that they are all subsidiaries of American Bankers Insurance Group, Inc., a defendant in this case. *See* Case No. 03-1422, Amended Compl. ¶ 5 (served on defendants but apparently not yet filed in this Court). TE intends to amend its Complaint in this action to add as defendants certain plaintiffs in Case No. 03-1422, on the assumption that those entities are affiliates of, or successors to, the parties that executed the contract.

[4] Even after the New Jersey Court transferred the related action to this Court, Fortis has suggested in a letter to Judge Blake dated April 28, 2003, that this Court should still consider and grant its motion to dismiss TE's Complaint in this case because it should have been filed as a counterclaim in New Jersey. This would be a pointless exercise, which presumably is why a number of courts have concluded that "consolidation obviates the concerns of Rule 13(a), thereby making dismissal inappropriate." *Jack LaLanne Fitness Centers, Inc.* v. *Jimlar, Inc.*, 884 F. Supp. 162, 164 (D.N.J. 1995); *Branch* v. *Federal Deposit Ins. Corp.*, 825 F. Supp. 384, 401 (D. Mass. 1993); *Provident Accident & Life Ins. Co.* v. *United States*, 740 F. Supp. 492, 496 (E.D. Tenn. 1990), *appeal dismissed*, 925 F.2d 1465 (6th Cir. 1991). Indeed, avoiding a dismissal under Rule 13(a) is one of the reasons for granting a transfer. *See* 6 C. Wright & A. Miller, FEDERAL PRACTICE AND PROCEDURE § 1418, at 147 (2d ed. 1990). Moreover, TE filed its claim in this action without knowledge of the pendency of Fortis's claim in New Jersey. As explained in detail in TE's Opposition to Fortis's motion to dismiss, TE's claim and Fortis's claim were filed almost simultaneously, and there is no reason to give Fortis any advantage based on priority of filing.

v. *Southridge Capital Mgmt, LLC*, 208 F.R.D. 59 (S.D.N.Y. 2002).). TE believes that it is clearly the logical plaintiff in the parties' dispute. Fortis's Complaint in Case No. 03-1422 expressly alleges that Fortis did not even begin thinking about a suit against TE until Fortis received TE's Notice of Breach letter. *See* Compl. ¶ 22. In addition, as set forth in more detail in TE's motion to dismiss or transfer in Case No. 03-1422 and TE's opposition to Fortis's motion to dismiss in this case, Fortis won the "race to the courthouse" through artifice and deception, and it should not be rewarded for that conduct.

    8. For these reasons, TE respectfully requests that the Court:

    a. Consolidate this action with Case No. 03-1422;

    b. Designate TE (and its co-plaintiff James F. Truitt Jr., P.A.) as the plaintiffs and TE as a counter-defendant;

    c. Designate Fortis, Inc., American Bankers Insurance Group, Inc., and American Security Insurance Company as defendants and American Bankers Insurance Company of Florida, American Bankers Life Assurance Company of Florida, American Reliable Insurance Company, and Federal Warranty Service Corporation as counter-plaintiffs; and

    d. Issue a single Scheduling Order applicable to the consolidated action.

Respectfully submitted,

MURPHY & SHAFFER LLC


By: /s/ *William J. Murphy*
    William J. Murphy (#00497)
    John J. Connolly (#09537)

36 S. Charles St., Suite 1400
Baltimore, Maryland 21201
(410) 783-7000
(410) 783-8823 (fax)

*Attorneys for Plaintiffs*