```
              IN THE UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF MARYLAND


TRUITT ENTERPRISES, LLC,        :
et al.                          :
                                :
     v.                         : Civil Action No. CCB-03-527
                                :
FORTIS, INC., et al.            :
                                :

..............................oOo.............................

AMERICAN BANKERS INSURANCE      :
COMPANY OF FLORIDA, et al.      :
                                :
     v.                         : Civil Action No. CCB-03-1422
                                :
TRUITT ENTERPRISES, LLC         :
                                :
```

**MEMORANDUM**

Now pending before the court are motions to consolidate filed by Truitt Enterprises, LLC, and James F. Truitt, Jr. ("Truitt parties") and a motion to dismiss filed by Fortis, Inc., American Bankers Insurance Group, Inc., and American Security Insurance Company ("Fortis parties").[1]  The issues have been

---

[1] As will be explained, the two cases before the court are mirror images of one another.  The named parties, however, are slightly different in each suit.  In 03-1422, the four plaintiffs are American Bankers Insurance Company of Florida, American Bankers Life Assurance Company of Florida, American Reliable Insurance Company, and Federal Warranty Service Corporation.  The amended complaint in that action states that American Bankers Insurance Group, Inc., is the sole owner of the four named plaintiffs and that Fortis, Inc., or a division thereof, purchased all of the outstanding shares of American Bankers Insurance Group, Inc., in 1999.  (Fortis Am. Compl. at ¶¶ 1-6.) Neither American Bankers Insurance Group, Inc., nor Fortis Inc., however, is named as a party in 03-1422.  In addition, the only defendant named in 03-1422 is Truitt Enterprises, Inc.

fully briefed and no hearing is necessary.  See Local Rule 105.6.  A brief description of the procedural history of the cases is as follows.

On February 18, 2003, the Fortis parties sued the Truitt parties in the United States District Court for the District of New Jersey.  In sum, the complaint alleged that the Truitt parties, which served as the Fortis parties' advisor in connection with investments in tax lien certificates ("TLCs"), breached their fiduciary duties to and contract with the Fortis parties by making unauthorized investments and interfering with the Fortis parties' attempt to sell their TLC portfolio.  (Fortis Compl.)  The Fortis parties acknowledge that they discovered the alleged breaches and commenced their action only after receiving a letter from the Truitt parties dated February 10, 2003, which indicated their belief that the Fortis parties had, in fact, breached the contract.  (Fortis Compl. at ¶¶ 22-23; Truitt Pls.' Opp. to Mot. to Dismiss at Ex. C(2) (Truitt parties' notice of breach letter).)  Pursuant to an order by Magistrate Judge Patty Shwartz of the District of New Jersey dated April 21, 2003, the

---

Contrarily, in 03-527, the named plaintiffs are Truitt Enterprises, Inc., and James F. Truitt, Jr.  While the only named defendants in 03-527 are Fortis, Inc., American Bankers Insurance Group, Inc., and American Security Insurance Company, the Truitt parties have indicated that they intend to amend their complaint to add as defendants all of the entities named as plaintiffs in 03-1422. (See Truitt Pls.' Mot. to Consolidate at n.3.)  For the sake of convenience, the term "Truitt parties" will refer to the parties named as plaintiffs in 03-527 and defendants in 03-1422, and the term "Fortis parties" will refer to the parties named as defendants in 03-527 and plaintiffs in 03-1422.

case was transferred to this court and assigned the number 03-1422.

On February 20, 2003, just two days after the Fortis parties commenced their lawsuit, the Truitt parties sued the Fortis parties in the Circuit Court for Baltimore County, alleging that the Fortis parties terminated the contract without adequate justification or an opportunity to cure any breach.  (Truitt Compl.)  According to the Truitt parties, they had no knowledge of the pending New Jersey action when they filed suit in Maryland (see, e.g., Truitt Pls.' Opp. to Mot. to Dismiss at 2); in fact, the summons for the Truitt parties was issued on February 20, 2003, and the Truitt parties were not served with a copy of the Fortis parties' complaint until February 24, 2003.[2]  The Fortis parties removed the case to this court on February 26, 2003, and it was assigned the number 03-527.

As stated, now pending before the court are motions to consolidate filed by the Truitt parties in both cases and a motion to dismiss pursuant to Rules 12(b)(6) and 13(a) of the Federal Rules of Civil Procedure filed by the Fortis parties in 03-527.  With respect to their Rule 13(a) argument, the Fortis parties maintain that the action commenced by the Truitt parties

---

[2] The Truitt parties contend that the Fortis parties "sandbagged" them by filing suit in an inconvenient forum after assuring the Truitt parties' counsel that they anticipated resolving the disputes without resorting to litigation.  (See, e.g., Truitt Pls.' Opp. to Mot. to Dismiss at 1-2.)  The court declines to address this dispute at this time.

in Maryland state court, presently numbered 03-527, should be dismissed because the claims should have been brought as compulsory counterclaims to the first-filed action. (See Fortis Defs.' Mot. to Dismiss at 3-8; Fortis Defs.' Reply at 2-3; Fortis Defs.' Opp. to Mot. to Consolidate at 1-2.) The Fortis parties initially asked the court to "dismiss the claims and allow the New Jersey Action to proceed in due course." (Fortis Defs.' Mot. to Dismiss at 7.) Even after Judge Shwartz transferred the case to this court, however, the Fortis parties maintained that the court must analyze its motion to dismiss before considering the motions to consolidate. (Fortis Defs.' Opp. to Mot. to Consolidate at 1-2.) If their Rule 13(a) motion were granted, the Fortis parties rationalized, the Truitt parties "would then have to bring their claims as counterclaims in the First Filed Action, and consolidation would be a moot issue." (Id.) Notably, the Fortis parties have emphasized that the two lawsuits are "mirror opposite[s]" of one another, and that requiring the Truitt parties to plead their arguments as counterclaims in the first filed action is necessary to avoid multiple trials litigating the same set of facts. (See Fortis Defs.' Mot. to Dismiss at 1-8; Fortis Defs.' Reply at 1-3; Fortis Defs.' Opp. to Mot. to Consolidate at 1-2.)

   Now that "both actions are pending before the same federal court, they can be consolidated in whatever manner is most convenient for the purpose of trial." 6 CHARLES ALAN WRIGHT, ARTHUR

R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 1418 (2d ed. 2003); see also Allfirst Bank v. Progress Rail Servs. Corp., 178 F. Supp. 2d 513, 519-20 (D. Md. 2001) (holding that the interests of justice support consolidating two "mirror image" cases before the same court, rather than staying or dismissing one of the cases); Jack LaLanne Fitness Ctrs., Inc. v. Jimlar, Inc., 884 F. Supp. 162, 164 (D. N.J. 1995) (finding that consolidating cases "obviates the concerns of Rule 13(a)") (citing cases). Consolidation pursuant to Rule 42(a) of the Federal Rules of Civil Procedure is appropriate when "actions involving a common question of law or fact are pending before the court." FED. R. CIV. P. 42(a); see also Harris v. L & L Wings, Inc., 132 F.3d 978, n.2 (4th Cir. 1997); Baker, Watts & Co. v. Miles & Stockbridge, 876 F.2d 1101, n.2 (4th Cir. 1989); A/S J. Ludwig Mowinckles Rederi v. Tidewater Constr. Corp., 559 F.2d 928, 933 (4th Cir. 1977); Allfirst Bank, 178 F. Supp. 2d at 520 (consolidating cases when the "parties are the same . . . the same three Agreements must be construed in each case . . . [and] consolidation of the two cases will foster clarity, efficiency and the avoidance of confusion and prejudice").

Given the close proximity in time between the commencements of the suits and the fact that the Truitt parties were not served with the first filed complaint until after they initiated their lawsuit in Maryland, the court certainly would grant the Truitt parties leave to amend their answer in 03-1422 to assert

counterclaims. See FED. R. CIV. P. 13(f) ("When a pleader fails to set up a counterclaim through oversight, inadvertence, or excusable neglect, or when justice requires, the pleader may by leave of court set up the counterclaim by amendment"); see also Frank M. McDermott, Ltd. v. Moretz, 898 F.2d 418, 420-21 (4th Cir. 1990) (holding that "omitted compulsory counterclaims should be liberally permitted to be set up by amendment, in order to further the policy of efficient disposition of all disputes arising from a single transaction in a single judicial proceeding"). It would be a waste of time and resources, however, to dismiss 03-527 and require the Truitt parties to amend their pleadings to assert counterclaims when all of the parties' pleadings and memoranda are presently before this court. (See, e.g., Fortis Defs.' Mot. to Dismiss at 1-8; Truitt Pls.' Mot to Consolidate at 1-4); see also Allfirst Bank, 178 F. Supp. 2d at 519-20; cf. Internet Law Library, Inc. v. Southridge Capital Mgmt., LLC, 208 F.R.D. 59, n.4 (S.D.N.Y. 2002) (finding that "the designation of either party as 'plaintiff'" is irrelevant when determining consolidation issues). The court finds that the most convenient way to resolve, in a single lawsuit, the common disputes represented by the two actions is through consolidation pursuant to Rule 42(a) of the Federal Rules of Civil Procedure.

Accordingly, the Truitt parties' motions to consolidate will be granted. The consolidated action will be numbered 03-527 (the

earlier filed action in this court), and in the resulting consolidated litigation, the Truitt parties will be designated "plaintiffs," while the Fortis parties will be designated "defendants."[3] The Fortis parties' amended complaint will be considered as setting out their counterclaims.

The Fortis parties raise two additional arguments in their motion to dismiss. First, they contend that the claim against Fortis, Inc., should be dismissed because it was not a party to the contract. (Fortis Defs.' Mot. to Dismiss at 8-9; Fortis Defs.' Reply at 3-5.) The Truitt parties respond that Fortis, Inc., adopted the contract when it executed a supplemental agreement in March 2002, or alternatively, that Fortis, Inc., acquired the liabilities of its subsidiaries. (Truitt Pls.' Opp. to Mot. to Dismiss at 24-27; see also Truitt Compl. at Ex. B (March 6, 2002 letter agreement).) There has been no discovery in this case, and resolving the issue of whether Fortis, Inc., adopted or accepted the contract likely entails a factually intensive inquiry.[4] (See, e.g., Truitt Pls.' Opp. to Mot. to

---

[3] The clerk of this court routinely consolidates cases under the number of the earliest filed action in this court. In any event, the designation of the Truitt parties as "plaintiffs" is logical since the Fortis parties conceded that their action was prompted by the Truitt parties' notice of breach. (Fortis Am. Compl. at ¶¶ 22-25); see also Internet Law Library, Inc. v. Southridge Capital Mgmt., LLC, 208 F.R.D. 59, n.4, 63-64 (S.D.N.Y. 2002).

[4] For instance, beneath the signature lines of the March 2002 letter agreement is the following language: "The provisions of this letter will govern any inconsistent provisions contained in the Contract between Truitt and American Bankers. This letter

Dismiss at 26 (citing cases).)  Accordingly, the Fortis parties' motion to dismiss the claims against Fortis, Inc., will be denied.

Similarly, the Fortis parties' final argument is that James F. Truitt, Jr. was not a third-party beneficiary to the contract and, hence, the third claim of the complaint should be dismissed. (See Fortis Defs.' Mot. to Dismiss at 9-11; Fortis Defs.' Reply at 5-9; see also Truitt Compl. at ¶¶ 37-40 ("Breach of Contract - Truitt as Third Party Beneficiary").)  The Fortis parties' own memorandum submits that third-party beneficiary status turns on whether "'the parties [to the contract] intended to recognize him as the primary party in interest and as privy to the promise.'" (Fortis Defs.' Mot. to Dismiss at 9 (citation omitted).)  Since determination of the parties' intent also requires analysis of facts, dismissal is inappropriate at this early stage of the litigation.

---

shall otherwise be deemed a part of and is subject to the terms of the Contract." (Truitt Compl. at Ex. B.)  The Truitt parties submit that the Fortis parties added that language into the supplemental agreement, thereby signifying Fortis, Inc.'s adoption or acceptance of the original contract.  (Truitt Pls.' Opp. to Mot. to Dismiss at 25.)  The Fortis parties did not respond to this claim in their reply memorandum.

For the foregoing reasons, the Truitt parties' motions to consolidate will be granted and the Fortis parties' motion to dismiss will be denied.

A separate Order follows.

_____     _____
Date                            Catherine C. Blake
                                United States District Judge