THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(NORTHERN DIVISION)

| | | |
|---|---|---|
| TRUITT ENTERPRISES, LLC, ET AL. | * | |
| | | Civil No.: CCB-03-527 |
| Plaintiffs, | * | CONSOLIDATED |
| v. | * | |
| FORTIS, INC., ET AL. | * | |
| Defendants. | * | |
| | ***** | |
| AMERICAN BANKERS INSURANCE COMPANY OF FLORIDA, ET AL. | * | |
| | * | Civil No.: CCB-03-1422 |
| Plaintiffs | * | |
| v. | * | |
| TRUITT ENTERPRISES, LLC | * | |
| Defendants | ***** | |

ANSWER OF DEFENDANTS FORTIS, INC., AMERICAN BANKERS INSURANCE
GROUP, INC., AND AMERICAN SECURITY INSURANCE COMPANY AND
COUNTERCLAIM OF DEFENDANTS/COUNTER-PLAINTIFFS FORTIS, INC.
AND AMERICAN BANKERS INSURANCE GROUP, INC

Defendants Fortis, Inc. ("Fortis"), American Bankers Insurance Group, Inc. ("ABIG"), and American Security Insurance Company through their attorneys Brown, Diffenderffer & Kearney, LLP and Sullivan & Worcester LLP, for their Answer to the Complaint say:

1.      Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph No. 1.

2. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph No. 2.

3. Defendants admit the allegations in the first sentence of Paragraph No. 3 and deny the remaining allegations in Paragraph No. 3.

4. Defendants admit the allegations in Paragraph No. 4.

5. Defendants admit the allegations in Paragraph No.5.

6. The allegations in Paragraph No. 6 state a legal conclusion to which no response is required.

7. The allegations in Paragraph No. 7 state a legal conclusion to which no response is required.

8. The allegations in Paragraph No. 8 state a legal conclusion to which no response is required.

9. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph No. 9.

10. Defendants deny the allegations in Paragraph No. 10, and respectfully refer to the written contract referenced therein, the content of which speaks for itself.

11. Defendants deny the allegations in Paragraph No. 11, except admit that the parties to the December 14, 2000 Letter Agreement entered into the same, and respectfully refer to the referenced written contract, the content of which speaks for itself.

12. Defendants deny the allegations in Paragraph No. 12, and respectfully refer to the referenced written contract, the content of which speaks for itself.

13. Defendants deny the allegations in Paragraph No. 13, and respectfully refer to the referenced written contract, the content of which speaks for itself.

14. Defendants deny the allegations in Paragraph No. 14, and respectfully refer to the referenced written contract, the content of which speaks for itself.

15. Defendants deny the allegations in Paragraph No. 15, and respectfully refer to the referenced written contract, the content of which speaks for itself.

16. Defendants deny the allegations in Paragraph No. 16, and respectfully refer to the referenced written contract, the content of which speaks for itself.

17. Defendants deny the allegations in Paragraph No. 17, and respectfully refer to the referenced written contract, the content of which speaks for itself.

18. Defendants admit that in a 1999 transaction Fortis purchased all of the outstanding shares of ABIG, and that in September 2001 Fortis Asset Management, a division of Fortis, undertook primary responsibility for the tax lien portfolios of ABIG's subsidiaries: American Bankers Insurance Company of Florida, American Bankers Life Assurance Company of Florida, American Reliable Insurance Company and Federal Warranty Service Corporation.

19. Defendants deny the allegations in Paragraph No. 19, except admit that Truitt Enterprises, LLC ("TE") sent Fortis a proposed "Term Sheet" from TE dated December 7, 2001, the content of which speaks for itself.

20. Defendants deny the allegations in Paragraph No. 20, except admit that TE's counsel, William J. Murphy of Murphy & Shaffer, sent a letter dated January 11, 2002, the content of which speaks for itself.

21. Defendants deny the allegations in Paragraph No. 21, except admit that the parties entered into the referenced letter agreement, attached as Exhibit B to the Complaint, the content of which speaks for itself.

22. Defendants deny the allegations in Paragraph No. 22, except admit that TE continued to act as service for ABIG until terminated in February 2003.

23. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph No. 23.

24. Defendants deny the allegations in Paragraph No. 24, except admit that Fortis refused to wire $1.5 million to TE to purchase tax liens in Maricopa County, Arizona, in February 2003.

25. Defendants deny the allegations in Paragraph No. 25, except admit that TE's counsel, William J. Murphy of Murphy & Shaffer, sent the referenced letter dated February 10, 2003 to Fortis, the content of which speaks for itself.

26. Defendants deny the allegations in Paragraph No. 26, except admit that by letter dated February 18, 2003 from its counsel Sullivan & Worcester, ABIG terminated TE as set forth in that referenced letter, the content of which speaks for itself.

27. Defendants deny the allegations in Paragraph No. 27.

FIRST CLAIM FOR RELIEF
(<u>Declaratory Judgment</u>)

28. Defendants repeat and reallege their response to Paragraph No. 1 to 27 of the Complaint as if set forth in full herein.

29. Defendants deny the allegations in Paragraph No. 29.

30. Defendants deny the allegations in Paragraph No. 30.

31. Defendants deny the allegations in Paragraph No. 31.

32. Defendants deny the allegations in Paragraph No. 32.

SECOND CLAIM FOR RELIEF
(Breach of Contract -TE)

33. Defendants repeat and reallege their response to Paragraph No. 1 to 32 of the Complaint as if set forth in full herein.

34. Defendants deny the allegations in Paragraph No. 34.

35. Defendants deny the allegations in Paragraph No. 35.

36. Defendants deny the allegations in Paragraph No. 36.

THIRD CLAIM FOR RELIEF
(Breach of Contact – Attorney Truitt as Third Party Beneficiary)

37. Defendants repeat and reallege their response to Paragraph No. 1 to 36 of the Complaint as if set forth in full herein.

38. Defendants deny the allegations in Paragraph No. 38.

39. Defendants deny the allegations in Paragraph No. 39.

40. Defendants deny the allegations in Paragraph No. 40.

AFFIRMATIVE AND NEGATIVE DEFENSES

41. The Complaint fails to state a claim upon which relief can be granted.

42. Plaintiffs' claims are barred by the doctrine of set-off and recoupment.

43. Plaintiffs' claims are barred by the doctrine of estoppel

44 Plaintiffs' claims are barred by the doctrine of waiver.

45. The claims of James F. Truitt, Jr., P.A. ("Attorney Truitt") are barred and are subject to setoff because the law firm entered into a prohibited transaction under Disciplinary Rule 1.8 of the Maryland Rules of Professional Conduct, by entering into a business transaction with a client without advising the client to seek the advice of independent counsel in the transaction and by failing to disclose to American Bankers the significant conflicts of interest

presented by having TE act to "oversee" and "review" the activities of Attorney Truitt in connection with Attorney Truitt's work for American Bankers.

46. Plaintiffs' claims are barred in whole or in part by their failure to mitigate their own alleged damages.

47. Attorney Truitt's claims are barred because he has no standing.

48. Plaintiffs' claims against Fortis are barred, because Plaintiffs and Fortis were not in privity of contract.

49. Plaintiffs' First Claim for Relief, for Declaratory Judgment, is moot.

## COUNTERCLAIMS

1. Fortis and ABIG incorporate by reference, as if set forth in full herein, the claims and each and every allegation set forth in the Amended Complaint ("American Bankers Amended Complaint") brought by American Bankers Insurance Company of Florida, American Bankers Life Assurance Company of Florida, American Reliable Insurance Company and Federal Warranty against TE.

2. Fortis and ABIG further assert the following claim against James F. Truitt, P.A. for unjust enrichment.

3. As set forth in paragraphs 24(a)-(e) of American Bankers Amended Complaint, Truitt Enterprises committed various breaches of the Contract which, upon information and belief, resulted in an inequitable and unjust benefit to Attorney Truitt, in that Attorney Truitt had knowledge of, participated in and benefitted from the misconduct alleged in those paragraphs.

4. The acceptance or retention by Attorney Truitt of the benefit under such circumstances would be inequitable.

WHEREFORE, defendants pray for the following relief:

(a) Judgment against Plaintiffs dismissing the Complaint;

(b) Judgment for the Defendants on their counterclaims with damages in an amount to be determined at trial; and

(c) Costs and such other and further relief as the Court deems just and proper.

Respectfully submitted,

_____/S/_____
Michael A. Brown, Esquire (07483)
Michael E. Blumenfeld, Esquire (025062)
Brown, Diffenderffer & Kearney, LLP
1010 Hull Street, Suite 300
Baltimore, Maryland 21230
Telephone No.:  (410) 296-8500
Facsimile No.:  (410) 296-1559

and

Michael T. Sullivan, Esquire
Andrew T. Solomon, Esquire
SULLIVAN & WORCESTER LLP
565 Fifth Avenue, 18th Floor
New York, NY 10017
Telephone No.:  (212) 486-8200
Facsimile No.: (646) 865-1494

Attorneys for Defendants/Counter-Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify on this 10th day of July 2003, a copy of the Foregoing Answer of Defendants Fortis, Inc., American Bankers Insurance Group, Inc., and American Security Insurance Company and CounterClaim of Defendants/Counter-Plaintiffs Fortis, Inc. and American Bankers Insurance Group, Inc. was electronically filed. Parties who are not registered users will receive a copy of the foregoing by mail.

_____/S/_____
Michael E. Blumenfeld