**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
BETH P. GESNER
UNITED STATES MAGISTRATE JUDGE

101 W. LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-4288
(410) 962-3844 FAX

July 24, 2003

John J. Connolly, Esquire
William J. Murphy, Esquire
Murphy & Shaffer
36 S. Charles Street, Suite 1400
Baltimore, Maryland 21201-1019

Michael Alan Brown, Esquire
Michael Evan Blumenfeld, Esquire
Brown, Diffenderffer & Kearney, LLP
1010 Hull Street, Suite 300
Baltimore, Maryland 21230

Andrew T. Solomon, Esquire
Michael T. Sullivan, Esquire
Sullivan & Worcester, LLP
565 Fifth Avenue, 18th Floor
New York, N.Y. 10017

Andrew L. Jiranek, Esquire
Jiranek, Goldman & Minton, PC
19 E. Fayette Street, Suite 401
Baltimore, Maryland 21202-3316

Kathryn Miller Goldman, Esquire
Goldman & Minton, P.C.
207 East Redwood Street
Suite 400
Baltimore, Maryland 21202

Subject: Truitt Enterprises, LLC, et al. v. Fortis, Inc., et al.
Civil No. CCB-03-527

Dear Counsel:

Please be advised that a settlement conference in the above-captioned case has been scheduled for **Tuesday, January 6, 2004, at 10:00 a.m. to be held in my chambers** (Room 7C, United States Courthouse, Baltimore, Maryland). It is essential that the parties, or in the case of a corporation or partnership, an officer or other representative with complete authority to enter into a binding settlement, be present in person. Attendance by the attorney for a party is not sufficient. *See* Local Rule 607.3. **Please also be advised that the conference may take the entire day.**

No later than **Tuesday, December 23, 2003**, I would like to receive from each party a short letter candidly setting forth the following:

Letter to Counsel - Truitt Enterprises, LLC, et al. v. Fortis, Inc., et al.
Page Two
July 24, 2003

1. Facts you believe you can prove at trial;

2. The major weaknesses in each side's case, both factual and legal;

3. An evaluation of the maximum and minimum damage awards you believe likely;

4. The history of any settlement negotiations to date; and

5. Estimate of attorney's fees and costs of litigation through trial.

The letters may be submitted ex parte and will be solely for my use in preparing for the settlement conference. I also will review the pleadings in the court file. Additionally, if you want me to review any case authorities that you believe are critical to your evaluation of the case, please identify. If you want me to review any exhibits or deposition excerpts, please attach a copy to your letter.[1]

The settlement conference process will be confidential and disclosure of confidential dispute resolution communications is prohibited. See 28 U.S.C. § 652(d); Local Rule 607.4.

Notwithstanding the informal nature of this letter, it is an Order of the Court and the Clerk is directed to docket it as such.

Very truly yours,

/s/

Beth P. Gesner
United States Magistrate Judge

cc:    Court file

---

[1] Please note that the American Bar Association Standing Committee on Ethics and Professional Responsibility has issued a Formal Opinion (No. 93-370) that precludes a lawyer, ABSENT INFORMED CLIENT CONSENT, from revealing to a judge the limits of the lawyer's settlement authority or the lawyer's advice to the client regarding settlement. The opinion does not preclude a judge, in seeking to facilitate a settlement, from inquiring into those matters. Therefore, please discuss these items with your client before appearing for the settlement conference.

U.S. District Court (Rev. 9/2001)