LAW OFFICES

# MURPHY & SHAFFER LLC

SUITE 1400

36 SOUTH CHARLES STREET

BALTIMORE, MARYLAND 21201-3109

WILLIAM J. MURPHY
WMurphy@murphyshaffer.com

September 12, 2003

TELEPHONE (410) 783-7000
FACSIMILE (410) 783-8823

**BY FACSIMILE**

Andrew Solomon, Esq.
Sullivan & Worcester LLP
565 Fifth Avenue, 18th Floor
New York, New York 10017

      RE:    Truitt Enterprises, LLC et al. v. Fortis, Inc., et al..

Dear Mr. Solomon:

      I write to set forth our objections to your clients' discovery responses. The interrogatory responses are among the worst I have ever seen. We read them as confirmation of our contention that Fortis has no evidence to support its allegations in this case and that those allegations were tendered without proper investigation. I do not think there is much else to say except that we will wait one week from today for a full and complete response to Interrogatory Nos. 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, and 24. After that time we will seek appropriate relief from the Court, up to and including entry of judgment on all Fortis claims and affirmative defenses and an award of expenses.

      With respect Fortis's responses to the requests for production of documents, we have the following objections (before we have seen the documents):

      **Request No. 7 (TE).** "Irrelevant" is not a proper objection to a document request. A request for valuations of the Portfolio is reasonably calculated to lead to the discovery of admissible evidence for many reasons. Here's one: Fortis has accused Truitt Enterprises of mismanaging the Portfolio in various ways and sabotaging a potential sale of the Portfolio. Valuations obviously would be relevant to Fortis's alleged damages. Valuations are also relevant to Fortis's claims that Truitt did not meet minimum face value yields. It makes no difference whether the valuations were "provided by Truitt Enterprises itself." At Fortis's request, Truitt turned over roughly 150 boxes of documents after it was terminated by Fortis, and it did not keep copies. We are entitled to access to the evidence in your possession.

Law Offices
**Murphy & Shaffer**

Andrew Solomon, Esq.
September 12, 2003
Page 2

**Request No. 14 (TE).** We do not see why this request is "vague and ambiguous." If you have documents indicating any calculations of a commission payable to Mr. Truitt in the event of a sale of the Portfolio, please provide them.

**Request Nos. 19 and 23 (TE).** We are entitled to know which TLCs you contend were purchased by Truitt Enterprises at less than the minimum face value yield. Indeed, this seems to be the heart of your clients' claims in this case. If you do not have any such evidence then Fortis should withdraw its claim. If you have it, you should produce it. Fortis cannot hide the central evidence in support of its own allegations.

**Request No. 27 (TE).** Fortis has claimed that Truitt overcharged for title searches and caused them to incur duplicate expenses. Fortis's contract with the current servicer may explain whether Truitt "overcharged" and whether Fortis is truly incurring duplicate expenses. That contract may also show whether the current servicer is engaging in the same practices that Fortis now claims were improper for Truitt, such as an alleged prohibited transaction under Rule 1.8. And the contract is clearly relevant to damages, both for Truitt and for Fortis. Moreover, documents related to the contract may establish when Fortis began looking for a new servicer and why it did so, which could support Truitt's contention that Fortis knowingly breached its contract with Truitt, and that its current allegations of breach by Truitt are a pretext.

**Request No. 28 (TE).** Fortis is alleging (now), in every manner that it can think of, that Truitt Enterprises failed to comply with its obligations as a servicer. We contend that these complaints are a pretext raised as only as a defense to Fortis's own breach of contract. Any problems Fortis is experiencing with its current servicer may support our contention.

**Request No. 5 (JFT).** You have an obligation to explain why this request is burdensome; your failure to do so leaves us with no way to narrow the request. But we suspect that the request is not burdensome. We also are confident that the Court will deem it relevant. Fortis has alleged that Truitt tried to sabotage the sale of the Portfolio. We understand that Fortis was in fact trying to sell the Portfolio and obtain a new servicer through Lepercq and/or Mr. Cate during the term of the December 2000 Agreement. Documents responsive to this request are reasonably calculated to lead to admissible evidence relevant to damages; Fortis's motivation in breaching the December 2000 Agreement; Fortis's basis for alleging that Truitt tried to sabotage the sale of the Portfolio; and any number of other areas that we cannot predict until we see exactly what Fortis was trying to do.

Very truly yours,

*William J. Murphy / JJK*

William J. Murphy