IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(NORTHERN DIVISION)

| | | |
|---|---|---|
| TRUITT ENTERPRISES, LLC and JAMES F. TRUITT, JR., P.A., | : | |
| | : | |
| Plaintiffs, | : | Civil Action No. 1:03-cv-527-CCB |
| -against- | : | |
| FORTIS, INC. et al., | : | **ANSWER TO AMENDED** |
| | : | **COMPLAINT AND** |
| Defendants. | : | **COUNTERCLAIMS** |
| | : | |
| | : | |

Defendants Fortis, Inc. ("Fortis"), American Bankers Insurance Group, Inc., American Bankers Insurance Company of Florida, Union Security Life Insurance Company, American Reliable Insurance Company, American Bankers Life Assurance Company of Florida and Standard Guaranty Insurance Company (collectively "Defendants"), through their attorneys Brown, Diffenderffer & Kearney, LLP and Sullivan & Worcester LLP, for their Answer to the Amended Complaint ("Complaint") say:

1.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 1.

2.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 2.

3.    Defendants admit the allegations set forth in paragraph 3.

4.    Defendants admit the allegations set forth in paragraph 4.

5.    Defendants deny the allegations in paragraph 5 of the Complaint, except admit that American Bankers Insurance Company is a Delaware Corporation.

6.    Defendants admit the allegations set forth in paragraph 6.

7.      Defendants admit the allegations set forth in paragraph 7.

8.      Defendants admit the allegations set forth in paragraph 8.

9.      Defendants admit the allegations set forth in paragraph 9.

10.     Defendants admit the allegations set forth in paragraph 10.

11.     Defendants admit the allegations set forth in paragraph 11.

12.     The allegations in paragraph 12 state a legal conclusion to which no response is required.

13.     The allegations in paragraph 13 state a legal conclusion to which no response is required.

14.     The allegations in paragraph 14 state a legal conclusion to which no response is required.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

15.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 15.

16.     Defendants deny the allegations in paragraph 16, and respectfully refer to the written contract referenced therein, the content of which speaks for itself.

17.     Defendants deny the allegations in paragraph 17, except admit that the parties to the December 14, 2000 Letter Agreement entered into the same, and respectfully refer to the referenced written contract, the content of which speaks for itself.  Defendants affirmatively allege that although defendants American Security Insurance Company and its two subsidiaries, Standard Guaranty Insurance Company and Union Security Life Insurance Company, were named in the December 14, 2000 Letter Agreement, Plaintiffs never provided services to them pursuant to that Agreement.

18.     Defendants deny the allegations in paragraph 18, and respectfully refer to the written contract referenced therein, the content of which speaks for itself.

19.     Defendants deny the allegations in paragraph 19, and respectfully refer to the written contract referenced therein, the content of which speaks for itself.

20.     Defendants deny the allegations in paragraph 20, and respectfully refers to the written contract referenced therein, the content of which speaks for itself.

21.     Defendants deny the allegations in paragraph 21, and respectfully refer to the written contract referenced therein, the content of which speaks for itself.

22.     Defendants deny the allegations in paragraph 22, and respectfully refer to the written contract referenced therein, the content of which speaks for itself.

23.     Defendants deny the allegations in paragraph 23, and respectfully refer to the written contract referenced therein, the content of which speaks for itself.

24.     Defendants deny the allegations in paragraph 24, except defendants admit that in a 1999 transaction Fortis purchased all of the outstanding shares of ABIG, and that in September 2001, Fortis Asset Management, a division of Fortis, undertook primary responsibility for the tax lien portfolios of ABIG's subsidiaries: American Bankers Insurance Company of Florida, American Bankers Life Assurance Company of Florida, American Reliable Insurance Company and Federal Warranty Service Corporation.

25.     Defendants deny the allegations in paragraph 25, except admit that Truitt Enterprises, LLC ("TE") sent Fortis a proposed "Term Sheet" from TE dated December 7, 2001, the content of which speaks for itself.

26.     Defendants deny the allegations in paragraph 26, except admit that TE's counsel, William J. Murphy of Murphy & Shaffer, sent a letter dated January 11, 2002, the content of which speaks for itself.

27.    Defendants deny the allegations in paragraph 27, except admit that the parties entered in the referenced letter agreement, attached as Exhibit B to the Complaint, the content of which speaks for itself.

28.    Defendants deny the allegations in paragraph 28, except admit that TE continued to act as servicer for ABIG until terminated in February 2003.

29.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 29.

30.    Defendants deny the allegations in paragraph 30, except admit that Fortis refused to wire $1.5 million to TE to purchase tax liens in Maricopa County, Arizona, in February 2003.

31.    Defendants deny the allegations in paragraph 31, except admit that TE's counsel, William J. Murphy of Murphy & Shaffer, sent the referenced letter dated February 10, 2003 to Fortis, the content of which speaks for itself.

32.    Defendants deny the allegations in paragraph 32, except admit that by letter dated February 18, 2003 from their counsel Sullivan & Worcester LLP, ABIG terminated TE as set forth in that referenced letter, the content of which speaks for itself.

33.    Defendants deny the allegations in paragraph 33.

## FIRST CLAIM FOR RELIEF
### (Declaratory Judgment)

34.    Defendants repeat and reallege their responses to paragraphs 1 to 33 of the Complaint as if set forth in full herein.

35.    Defendants deny the allegations in paragraph 35.

36.    Defendants deny the allegations in paragraph 36.

37.    Defendants deny the allegations in paragraph 37.

38.    Defendants deny the allegations in paragraph 38.

## SECOND CLAIM FOR RELIEF
### (Breach of Contract – TE)

39.     Defendants repeat and reallege their responses to paragraphs 1 to 38 of the Complaint as if set forth in full herein.

40.     Defendants deny the allegations in paragraph 40.

41.     Defendants deny the allegations in paragraph 41.

42.     Defendants deny the allegations in paragraph 42.

## THIRD CLAIM FOR RELIEF
### (Breach of Contract – Truitt as Third Party Beneficieary)

43.     Defendants repeat and reallege their responses to paragraphs 1 to 42 of the Complaint as if set forth in full herein.

44.     Defendants deny the allegations in paragraph 44.

45.     Defendants deny the allegations in paragraph 45.

46.     Defendants deny the allegations in paragraph 46.

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the doctrine of set-off and recoupment.

## THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the doctrine of estoppel.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the doctrine of waiver.

## FIFTH AFFIRMATIVE DEFENSE

The claims of James F. Truitt, Jr., P.A. ("Attorney Truitt") are barred and are subject to setoff because the law firm entered into a prohibited transaction under Disciplinary Rule 1.8 of the Maryland Rules of Professional Conduct, by entering into a business transaction with a client

without advising the client to seek the advice of independent counsel in the transaction and by failing to disclose to American Bankers the significant conflicts of interest presented by having TE act to "oversee" and "review" the activities of Attorney Truitt in connection with Attorney Truitt's work for American Bankers.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part by their failure to mitigate their own alleged damages.

### SEVENTH AFFIRMATIVE DEFENSE

Attorney Truitt's claims are barred because he has no standing.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' claims against Defendants are barred, because Plaintiffs and Defendants were not in privity of contract.

### NINTH AFFIRMATIVE DEFENSE

Plaintiffs' First Claim for Relief, for Declaratory Judgment, is moot.

### TENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred because of Plaintiffs' own breach of contract/failure to perform the contract.

### COUNTERCLAIMS

1. Defendants incorporate by reference, as if set forth in full herein, the claims and each and every allegation set forth in the Amended Complaint ("American Bankers Amended Complaint") brought by American Bankers Insurance Company of Florida, American Bankers Life Assurance Company of Florida, American Reliable Insurance Company and Federal Warranty against TE.

2. Defendants further assert the following claim against James F. Truitt, P.A. for unjust enrichment.

3. As set forth in paragraphs 24(a)-(e) of American Bankers Amended Complaint, Truitt Enterprises committed various breaches of the Contract which, upon information and belief, resulted in an inequitable and unjust benefit to Attorney Truitt, in that Attorney Truitt had knowledge of, participated in and benefited from the misconduct alleged in those paragraphs.

4. The acceptance or retention by Attorney Truitt of the benefit under such circumstances

would be inequitable.

WHEREFORE, defendants pray for the following relief:

(a) Judgment against Plaintiffs dismissing the Complaint;

(b) Judgment for the Defendants on their counterclaims with damages in an amount to be determined at trial;

(c) and Costs and such other and further relief as the Court deems just and proper.


Respectfully submitted,



_____/S/_____
Michael A. Brown, Esquire (07483)
Michael E. Blumenfeld, Esquire (025062)
Brown, Diffenderffer & Kearney, LLP
1010 Hull Street, Suite 300
Baltimore, Maryland 21230
Telephone No.:  (410) 296-8500
Facsimile No.:  (410) 296-1559

and

Michael T. Sullivan, Esquire
Andrew T. Solomon, Esquire
SULLIVAN & WORCESTER LLP
565 Fifth Avenue, 18th Floor
New York, NY 10017
Telephone No.:  (212) 486-8200
Facsimile No.: (646) 865-1494

Attorneys for Defendants/Counter-Plaintiffs