**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**
– Northern Division –

| | | |
|---|---|---|
| TRUITT ENTERPRISES, LLC, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action No. CCB 03-527 |
| | ) | (Consolidated) |
| FORTIS, INC., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |
| | | |
| AMERICAN BANKERS INSURANCE COMPANY OF FLORIDA, *et al.*, | ) ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action No. CCB 03-1422 |
| | ) | (Consolidated) |
| TRUITT ENTERPRISES, LLC, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**REPLY MEMORANDUM IN SUPPORT OF
PLAINTIFF'S MOTION TO COMPEL ANSWERS TO
INTERROGATORIES AND REQUEST FOR EXPENSES**

**A. TE's Interrogatories Are Not "Premature."**

Plaintiffs Truitt Enterprises, LLC and James F. Truitt Jr., P.A. (collectively, "TE"), moved to compel proper responses to 20 of the 24 interrogatories served on defendants Fortis, Inc., American Bankers Insurance Group, Inc. ("ABIG"), and American Security Insurance Company ("ASIC") (collectively, "Fortis"). Fortis has responded by serving a supplemental response for three interrogatories (one of which is insufficient[1]), and by asserting principally that "[a]ll of Plaintiffs'

---

[1] In light of the supplemental response, TE withdraws the motion to compel as to Interrogatory Nos. 4 and 20. The supplemental response to Interrogatory No. 19, although far better

objectionable interrogatories are of the 'contention' variety," and therefore Fortis has no obligation to respond to them until some unstated future time. Fortis Opp. at 4. Fortis's argument adopts a outdated view of contention interrogatories and misunderstands the purpose and timing of contention interrogatories in this District, where the Local Rules and the standard scheduling orders effectively require their early use.

"Contention interrogatories" come in many varieties, some of which are more objectionable than others, but the interrogatories at issue in this case are unquestionably legitimate, and indeed they focus on the core issues in the case. At the outset, TE does not agree that all or even most of the interrogatories at issue in this case are contention interrogatories, although TE concedes that the line between contention interrogatories and identification interrogatories is notoriously difficult to define – which is part of the reason why the Federal Rules long ago explicitly authorized contention interrogatories. Nevertheless, most of the interrogatories at issue request basic facts about the relevant events. *See*, *e.g.*, Pl. Motion Compel, Ex. 1, Interrogatory No. 5 (calling for a description of "each wrongful act that . . . caused you damage"); *id.* at No. 6 (requesting an itemization of damages); *id.* at Nos. 7-8 (requesting the substance of all communications relating to the relevant contracts), *id.* at Nos. 9-11 (requesting the substance of all communications relating to complaints about TE's services, sale or potential sale of the Portfolio, and the potential replacement of TE as Portfolio servicer); *id.* at No. 12 (requesting facts and communications relating to Fortis's decision to reject TE's decision to purchase TLCs); *id.* at No. 13 (requesting the facts and

---

than the initial response, is still insufficient. Because Fortis has repeatedly represented that it will present a full response to Interrogatory No. 19 in its expert report (due on November 7), however, TE reluctantly will await that report.

2

communications relating to Fortis's Notice of Termination letter). It is difficult to imagine requests that are more consonant with the legitimate focus of discovery, as set forth in Rule 26(b)(1).

In any event, even if the disputed interrogatories qualify as contention interrogatories, they are not of the truly objectionable variety. TE is not asking Fortis to disclose its legal theories or its trial strategy, nor is it asking Fortis to take positions on issues outside the pleadings. TE is simply seeking the *facts* in Fortis's possession that elucidate Fortis's own claims. Courts have recognized that interrogatories of this nature are "consistent with Rule 11 of the Federal Rules of Civil Procedure, [which requires that] plaintiffs must have some factual basis for the allegations in their complaint. . . ." *O'Connor* v. *Boeing N. Am., Inc.*, 185 F.R.D. 272, 281 (C.D. Cal. 1999) (citations and internal quotations omitted); *Western Resources, Inc.* v. *Union Pacific R. Co.*, 2001 W.L. 1723817, at *2 (D. Kan. 2001). Objections to these contention interrogatories as "premature" are often discounted, in part because parties are not "inexorably bound" to their interrogatory responses; indeed the Federal Rules generally encourage supplementation of responses when new facts are unearthed. *See* 8A C. Wright & A. Miller, FEDERAL PRACTICE AND PROCEDURE § 2167, at 251 (2d ed. 1994). As one Court explained:

> Because of the simplicity of notice pleading, Plaintiff should provide as much information as possible regarding its claims without delay and as early as required. [Defendant] is "entitled to know the factual basis of plaintiff's allegations." Plaintiff is not entitled to withhold discovery information until it has obtained to its own satisfaction all discovery from Defendants. Plaintiff must be aware of some of the specific facts upon which the allegations in its Complaint are based, otherwise it would not have made the allegations in the first place. Accordingly, it has a duty to answer the interrogatory with whatever information it has. The Federal Rules of Civil Procedure encourage expedition of discovery, not delay, and Rule 26(e) contemplates the need to supplement responses, if necessary.

*Western Resources, Inc.* v. *Union Pacific R. Co.*, 2001 W.L. 1723817, at *2 (D. Kan. 2001) (citations omitted).

It is true, of course, that a court *may* postpone the time for responding to contention interrogatories in certain circumstances. Although Fortis cites commentators for this proposition, its source is Federal Rule 33(c) itself, which provides:

> An interrogatory otherwise proper is not necessarily objectionable merely because an answer to the interrogatory involves an opinion or contention that relates to fact or the application of law to fact, but the court may order that such an interrogatory need not be answered until after designated discovery has been completed or until a pre-trial conference or other later time.

As the principal federal commentators have observed, however, the "power [to defer answers to contention interrogatories] should not be exercised automatically but should be reserved for 'appropriate cases.'" 8A FEDERAL PRACTICE AND PROCEDURE, *supra* § 2167, at 251; *see also Cable & Computer Tech.* v. *Lockheed*, 175 F.R.D. 646, 651-52 (C.D. Cal. 1997); *In re One Bancorp Secs. Litig.*, 134 F.R.D. 4, 7-8 (D. Me. 1991).

In this District, "appropriate cases" ought to be exceedingly rare. In counsel's experience, early contention interrogatories of the kind at issue in this case are frequently served in Maryland state and federal courts, and often they are a litigation imperative under this Court's Local Rules and standard scheduling orders. Most cases in this District are exempt from the initial disclosure requirement of Rule 26(a)(1).[2] Because federal practice permits notice pleading, early

---

[2] Much of Rule 26(a)(1) requires automatic disclosure of basic facts, but subsection (C) requires production of a "computation of any category of damages claimed by the disclosing party, making available for inspection and copying as under Rule 34 the documents or other evidentiary material . . . on which such computation is based." In this case, TE's Interrogatory No. 6 asked Fortis to "itemize and show how you calculate all damages you claim as a result of the conduct of Truitt Enterprises, and describe the amount and type of damages claimed." Fortis

discovery requests (including contention interrogatories) that flesh out the basis of the parties' pleadings are vital – just as Judge Grimm observed in *Jayne H. Lee, Inc.* v. *Flagstaff Indus. Corp.*, 173 F.R.D. 651, 653 (D. Md. 1997). In addition, most scheduling orders in this District, including the one issued in this case, require the parties to conduct expert discovery on the same track as fact discovery. In some federal districts, expert discovery does not commence until the completion of fact discovery, and some of these districts also have promulgated local rules that delay the service of contention interrogatories until the latter part of fact discovery. That is not the practice in the District of Maryland – and the practice in the other courts seems to contravene both prudence and the purpose of the Federal Rules. *See id.* at 653 ("interrogatories are most helpful when propounded and answered early in the litigation, and their usefulness seems to be directly proportional to the amount of time remaining before a discovery cutoff arrives").[3] In fact, the Local Rules of this Court require parties to serve interrogatories and other discovery requests "at a sufficiently early time to assure that they are answered before the expiration of the discovery deadline set by the Court." Local R. 104.2. The discovery deadline is not automatically extended because discovery requests remain unanswered or because a motion to compel is pending. *Id.*; *see* Scheduling Order (July 18, 2003), at ¶ 2(b). Thus, in order to prepare fact witnesses, to decide which fact witnesses to depose, to prepare experts, and indeed to decide what experts to retain in the first place, parties need a fair understanding of their opponents' claims at the outset of the discovery period.

---

objected to this interrogatory as "premature."

   [3] Contrary to Fortis's suggestion, Judge Grimm did not "endorse[]" the view that courts should "commonly order" a delay in responding to contention interrogatories; he merely observed that the Court had that authority under Rule 33(c). The essential premise of his opinion in *Jayne H. Lee* was that early responses to interrogatories were highly valuable in the course of discovery. *See* 173 F.R.D. at 652-53.

The entire discovery period in this case is five months – from July 18, 2003, until December 22, 2003. TE served its interrogatories on July 31, 2003. It is now the end of October and TE still does not have substantive responses to its interrogatories, and Fortis's failure to provide substantive responses has prejudiced TE's litigation position. TE's initial deadline for disclosing experts has passed. TE disclosed one expert, an accountant and business valuation specialist, who will testify as to TE's damages. That expert did not have the access to any explanation of Fortis's claims or defenses, so he could not consider them in his report. More important, Fortis's failure to respond to TE's interrogatories may have prevented TE from consulting with and designating other expert witnesses. And the first fact witness will be deposed in this case on October 29, 2003, with other fact depositions to follow throughout November and December. TE now will be forced to conduct these depositions without a detailed understanding of the factual predicate for Fortis's claims.

Perhaps the best example of prejudice to TE by Fortis's failure to respond to interrogatories is set forth in Fortis's own opposition to the motion to compel. Fortis footnotes its opposition with inflammatory accusations, such as "Discovery has recently revealed additional facts showing that [TE] and its advisors had been acting in bad faith with respect to [Fortis's] desire to dispose of its tax lien assets." Fortis Opp. at 3, nn. 4. Because Fortis has not responded to interrogatories calling for the facts supporting allegations of this nature, Fortis has succeeded in presenting poisonous accusations to the Court while withholding the full factual basis from the accused party. This cannot be the result of any enlightened interpretation of the Federal Rules of Civil Procedure.

**B. The Interrogatories Are Not "Burdensome And Inefficient."**

Fortis also argues that all of the interrogatories at issue are overbroad, and they attempt to argue (for the first time) that they are irrelevant. TE does not agree that the interrogatories are overbroad, but since this is the first time TE has heard any explanation from Fortis as to that objection, TE will narrow each interrogatory that calls for "all facts" or "all communications" to require the "material or principal" facts or communications. Fortis's own authority authorizes interrogatories of that nature. *See Steil* v. *Humana Kansas City, Inc.*, 197 F.R.D. 445, 447 (D. Kan. 2000) ("An interrogatory may reasonably ask for the material or principal facts which support a party's contentions in the case.").

Fortis's brief suggestion that the interrogatories are "unlikely to yield relevant information," *see* Fortis Opp. at 7, is obviously meritless. For the most part, Fortis made these interrogatories relevant by its own allegations. And communications about a contract certainly can be useful to interpretations of the contract and the parties' course of dealing under the contract.

**C. TE Will Withdraw Its Request For Attorneys' Fees And Costs.**

Although TE believes that Fortis's discovery responses are misguided and prejudicial, TE cannot say that Fortis's argument is wholly without authority. Accordingly, TE will not press its initial claim for expenses and fees. TE believes, however, that the position advanced by Fortis would be exceedingly damaging to discovery practice in this District if it were routinely asserted, and it could impel amendment of the Court's Local Rules or revision of its standard scheduling orders. Consequently, TE believes that a decision on the timing of contention interrogatories would benefit the bar.

## CONCLUSION

For these reasons, the Court should enter an Order compelling a complete response to Interrogatory Nos. 3 through 24, excluding Nos. 4, 19, and 20.

Dated: October 27, 2003

Respectfully submitted,

MURPHY & SHAFFER LLC

By: /s/ *John J. Connolly*
William J. Murphy (00497)
John J. Connolly (09537)

36 S. Charles St., Suite 1400
Baltimore, Maryland 21201
(410) 783-7000

*Attorneys for Plaintiffs*