IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(NORTHERN DIVISION)

------------------------------------- x
TRUITT ENTERPRISES, LLC, et al., :
:
             Plaintiffs, :
:
v. : Civil Action No. CCB 03-527
:
FORTIS, INC., et al., :
:
             Defendants. :
:
------------------------------------- x

## DECLARATION OF ANDREW T. SOLOMON IN OPPOSITION TO MOTION TO COMPEL ANSWERS TO INTERROGATORIES AND REQUEST FOR EXPENSES

I, ANDREW T. SOLOMON, declare as follows.

1. I am one of the attorneys of record for Defendants in the above-entitled action. I submit this Declaration in support of Defendants' opposition to Plaintiffs' Motion to Compel Answers to Interrogatories and Request for Expenses.

2. Attached hereto as Exhibit A is a true and correct copy of Defendants' Supplemental Response to Truitt Enterprises' First Set of Interrogatories.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: New York, NY
      October 21, 2003

                                                      Andrew T. Solomon

# **EXHIBIT A**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
- Northern Division -

| | |
|---|---|
| TRUITT ENTERPRISES, LLC, *et al.*,   )<br>  )<br>      Plaintiffs,      )<br>  )<br>  v.    )<br>  )<br>FORTIS, INC., *et al.*,    )<br>  )<br>      Defendants.    )<br>_____ ) | Civil Action No. CCB 03-527 |

**SUPPLEMENTAL RESPONSES OF DEFENDANTS FORTIS, INC., AMERICAN BANKERS INSURANCE GROUP, INC., AND AMERICAN SECURITY INSURANCE COMPANY TO TRUITT ENTERPRISES LLC'S FIRST SET OF INTERROGATORIES**

Defendants Fortis, Inc. ("Fortis"), American Bankers Insurance Group, Inc. ("ABIG") and American Security Insurance Company ("ASIC") (collectively, "Fortis" or "Defendants"), provide the following supplemental response to Plaintiff Truitt Enterprises, LLC's First Set of Interrogatories, in accordance with Rule 26(e) and Rule 33 of the Federal Rules of Civil Procedure. This supplemental response incorporates all of the general and specific objections set forth in Defendants' first response.

*Interrogatory No. 1.* Identify each person, other than a person intended to be called as an expert witness at trial, having discoverable information that tends to support a position that you have taken or intend to take in this action, including any claim for damages, and state the subject matter of the information possessed by that person.

Response No. 1.

Michael Kemp, of MLK Investments LLC, cell phone number 317 506 3435.

*Interrogatory No. 4.* Please identify with particularity any fiduciary duty that you allege that Truitt Enterprises or James F. Truitt, Jr. breached.

Response No. 4.

Attorney Truitt breached his fiduciary duties, in his capacity as attorney for certain of defendants, by engaging in a business transaction with his clients without adequately disclosing the inherent conflicts of interest and without creating adequate safeguards to ensure that his work as an attorney was properly supervised. On information and belief, Attorney Truitt abused his fiduciary position to obtain unjust compensation for himself, at the expense of his principals, such as in connection with Indiana tax sale properties.

*Interrogatory No. 19*. *Please describe all facts supporting your contention that Truitt Enterprises purchased TLC's at less than the minimum face value yield required by the December 2000 Agreement, and state the substance of all communications, whether oral or written, relating to tax liens purchased by Truitt Enterprises at less that the "minimum face yield" of 425 basis points over the hurdle rate. Please include in your answer the dates and locations of any such communications, identify all persons who were present during the communications, and identify in accordance with the definitions and instructions set forth herein, all documents referring or relating to the communications.*

Response No. 19.

Defendants are not aware of any pre-litigation communications between Defendants and TE concerning TE's breach of the December 2000 Agreement, specifically with respect to tax liens purchased that *failed* to meet the "minimum face value yield" standard, but Jay Brinkerhoff, and possibly other representatives of Fortis, had general discussions with Mr. Truitt concerning this fundamental requirement. Defendants intend to present evidence of this category of breach through expert testimony, whose report is not yet due under the scheduling order.

Generally, Defendants contend that TE breached the December 2000 Agreement when it directed the acquisition of tax liens where the rate of interest accrual, factoring in the non-interest-bearing component of any premium paid (or high bid premium deposit) to acquire those tax liens, plus penalties and interest on subsequent taxes, failed to clear the "hurdle rate" plus

- 2 -

425 basis points. Defendants further contend that, under section 7(b) of the December 2000 Agreement, any breach of Section 2(f) is *per se* material, entitling American Bankers to terminate the contract.

In preparing this expert analysis, Defendants intend to rely primarily on the tax lien data produced by TE as of the end of December 2002. Defendants' investigation has revealed that TE breached the December 2000 Agreement in connection with tax lien acquisitions in Maryland, Washington D.C. and New Jersey, and that these breaches were pervasive. The following examples illustrate Defendants' position (subject to final analysis by Defendants' experts).

Example 1: On June 9, 2002, TE acquired for ABI a New Jersey tax lien (certificate #226881) on 46 E. Meadowbrook Circle, Gloucester Township, New Jersey. The certificate amount was $1,903.98 and the premium paid was $1,900, meaning that the interest rate bid to acquire the certificate was zero percent and the penalty was $38.08 (two percent of the certificate amount). According to TE's produced data, the "hurdle rate" on June 8, 2002 was 4.97% (TE 04642), meaning that the "minimum face value yield" was 9.22%. Defendants contend that this purchase, along with myriad others like it, constituted a material breach of the December 2000 Agreement.

Example 2: On June 4, 2002, TE purchased for ABI a Maryland certificate (number 2002-00409), which was a lien on the property at 1406 Jousting Court, Anne Arundel, Md. The tax lien certificate amount was $1,569.22 and the non-interest-bearing high-bid premium deposit was $2,228.64. The tax lien earned interest at 18 percent, but the high-bid premium earned no interest. Thus, the face value yield of this certificate is only 7.44%. (($1,569.22*.18) + ($2,228.64 * 0)) / ( $1,569.22 + $2,228.64). According to TE's produced data, the "hurdle rate" on June 1, 2002 was 4.95% (TE 04642), meaning that the "minimum face value yield" was

9.20%. Defendants contend that this purchase also constituted a material breach of the December 2000 Agreement.

*Interrogatory No. 20. Please describe all facts and state the substance of all communications, whether oral or written, relating to your allegation that "[i]n Indiana Truitt failed to perform adequate examinations of the public records to ascertain persons with a substantial interest in the subject properties and incurred unnecessary postage expenses in the notice process," and "[a]s a result American Bankers has incurred substantial duplicate expenses to correct Truitt's errors." Please include in your answer the dates and locations of any such communications, identify all persons who were present during the communications, and identify in accordance with the definitions and instructions set forth herein, all documents referring or relating to the communications.*

Response No. 20. Defendants are not aware of any pre-litigation communications between Defendants and TE concerning TE's Indiana activities. Based on Defendants' subsequent investigation and on the documents recently produced by TE in this litigation (TE 03275-03436), Defendants, on information and belief, contend that TE and Attorney Truitt engaged in improper conduct in Indiana.

The documents produced (law firm retainer agreements, certified Statement of Costs filed by Attorney Truitt, record searches at TE03296-03315) confirm that Attorney Truitt falsely certified that defendants incurred and paid "attorney's fees and costs of giving notice" in the maximum amounts permitted by law, without having actually performed such services or incurring all of such costs. On information and belief, TE had not engaged any Indiana law firm to provide legal services in connection with the Indiana tax liens acquired in the fall of 2002. On information and belief, Attorney Truitt is not (and was not) an attorney licensed to practice in Indiana, nor did he have a written agreement with Defendants authorizing him to charge the fees he charged. On further information and belief, neither TE nor Attorney Truitt paid, or caused to be paid, the amounts certified for "costs of title search." In fact, Truitt Enterprises never hired anyone to conduct a legally sufficient examination of the property records. That work had to be

done for the first time, after TE had been terminated. Defendants further contend, on information and belief, that TE and Attorney Truitt engaged in this improper conduct in order to enrich themselves monetarily.

Based on the foregoing, on information and belief, defendants contend that Attorney Truitt, breached his fiduciary duties to Defendants by submitting false certifications, billing for work not done (or, when done, done improperly), and for engaging in the unauthorized practice of law in Indiana. Defendants further contend that Attorney Truitt has not produced any time records that would justify his attorney charges in Indiana, and that he submitted these false certifications in order to enrich himself at the expense of his client.

Defendants contend that TE breached the December 2000 Agreement by failing to hire a competent, licensed attorney to do the tax lien work in Indiana, and by permitting an unauthorized attorney to do incompetent work in Indiana, and by failing to do proper title searches, and by permitting false certifications to be filed in connection with Defendants' Indiana tax sale properties.

Dated: New York, New York
       October 2, 2003

| As to responses, | As to objections, |
|---|---|
| | SULLIVAN & WORCESTER LLP |
| *[signature]* | By: *[signature]* |
| James Brinkerhoff | Andrew T. Solomon |

Sworn before me
this 2 day of October, 2003

_____
Notary Public

1290 Avenue of the Americas
New York, NY 10104
t. (212) 660-3000

*Attorneys for Defendants
Fortis, Inc., American Bankers
Insurance Group, Inc., and
American Security Insurance
Company*

- 6 -

{N001...}

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 3rd Day of October 2003, I caused a copy of the foregoing Supplemental Responses of Defendants Fortis, Inc., American Bankers Insurance Group, Inc., and American Security Insurance Company to Truitt Enterprises LLC's First Set of Interrogatories to be sent by facsimile and first-class, postage-prepaid mail to:

William J. Murphy, Esq.
MURPHY & SHAFFER
36 South Charles St., Ste. 1400
Baltimore, Maryland  21201

*Attorneys for Plaintiffs/Counter-Defendants*

Andrew T. Solomon, Esq.